UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

WILLIAM T. KOVACIC,

        Petitioner,

        v.                                      Case No. 22-C-454

CHERYL EPLETT,

        Respondent.

___

## SCREENING ORDER
___

On April 14, 2022, Petitioner William T. Kovacic, who is currently serving a sentence at Oshkosh Correctional Institution following the revocation of his probation, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Kovacic was initially convicted of possession of narcotic drugs and manufacturing/delivering THC in violation of Wis. Stats. §§ 961.41(3g)(am) and 961.41(1)(h)(4). *See* Adams County Case Numbers 2016CF000267 & 2017CF000078, *available at* WISCONSIN CIRCUIT COURT ACCESS, https://wcca.wicourts.gov/case.html. Kovacic does not challenge these convictions, but rather the subsequent termination from an Adams County drug court treatment program and the revocation of his probation.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that the applicant has exhausted state remedies or there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). "Wisconsin law provides for review of parole and probation revocation decisions 'by certiorari directed to the court of conviction,' and the review proceeds on an 'arbitrary and capricious' standard." *Griffin v. Hafemann*, No. 15-C-140, 2015 WL 566593, at *1 (E.D. Wis. Feb. 9, 2015) (quoting *State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 550, 185 N.W.2d 306, 311 (1971)). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Kovacic asserts seven grounds for relief. With respect to the revocation of his probation, Kovacic asserts that (1) his attorney provided ineffective assistance of counsel by failing to investigate issues related to the revocation report; (2) his attorney provided ineffective assistance of counsel by appearing via Zoom at the revocation hearing; (3) the revocation hearing violated his right to due process because a witness made false and misleading statements; and (4) his right to due process was violated when he was not granted a preliminary hearing prior to the final revocation hearing. Dkt. No. 1 at 7–9, 19. With respect to his termination from the Adams County drug treatment court, Kovacic asserts that (5) his attorney provided ineffective assistance of counsel by coming ill-prepared to the hearing and by failing to request his treatment court file; (6)

the treatment court termination violated his right to due process because the attorney present at his "termination staffing" did not advocate for his rights and "may not have been present" at the hearing; and (7) the Adams County drug treatment court violated his rights under the Equal Protection clause by failing to provide the same constitutional safeguards that drug treatment courts in other Wisconsin counties provide. *Id.* at 13–18.

Kovacic, however, has not exhausted state court remedies as to any of his claims. Indeed, Kovacic admits that he did not seek review of the revocation of his probation because his attorney told him it would be a "waste of time." *Id.* at 4. He also claims that there is no mechanism to appeal his termination from the Adams County drug treatment court. *Id.* But it appears clear from his petition that Kovacic does not believe that his claims are without merit or "a waste of time." And it appears from the record in his cases that Kovacic was well-aware of the possibility of pursuing an appeal or post-conviction relief. The dockets show that the Court of Appeals granted him *nine* extensions of time to file a notice of appeal or post-conviction motion. *See* Adams County Case Numbers 2016CF000267 & 2017CF000078, *available at* WISCONSIN CIRCUIT COURT ACCESS, https://wcca.wicourts.gov/case.html. The most recent extension, filed on April 4, 2022, was granted and gave Kovacic until April 5, 2022, to file a motion. *Id.* To date, it does not appear that Kovacic has filed a notice of appeal or post-conviction motion, and he has not requested any further extensions of time to do so. *Id.*

By failing to seek review of his termination from the Adams County drug treatment court and the revocation of his probation in state court, Kovacic has failed to properly exhaust his state court remedies as is required under 28 U.S.C. § 2254(b)(1). Kovacic has also failed to demonstrate cause for his failure to do so. *See Dupree v. Jones*, 281 F. App'x. 559, 560 (7th Cir. 2008) ("A state prisoner . . . must exhaust state-court remedies before turning to federal court, or else show

3

cause and prejudice for failing to exhaust."). Although he claims that his attorney told him pursuing post-conviction relief would be a "waste of time," he does not assert that his attorney was ineffective by providing such advice or that he informed his attorney that he wished to appeal anyway. Dkt. No. 1 at 4. Furthermore, and as noted above, it appears that Kovacic repeatedly sought extensions in the Wisconsin Court of Appeals to file a notice of appeal or postconviction motion, but ultimately did not pursue relief. Kovacic offers no reason as to why he failed to take advantage of the extensions he repeatedly received from the court of appeals. Therefore, because Kovacic failed to properly exhaust his state court remedies and has not demonstrated good cause for his failure to do so, his petition must be dismissed. The dismissal is without prejudice, however, and Kovacic may refile his petition if and when he exhausts his state court remedies.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases. A certificate of appealability will be **DENIED**. I do not believe that reasonable jurists would find that the Kovacic has made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment dismissing the case.

Kovacic is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Kovacic decides to appeal, he should also request that the court of appeals issue a certificate of appealability.

Dated at Green Bay, Wisconsin this 28th day of April, 2022.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge